*Decisions will be entered under Rule 50.*

---

LITTON INDUSTRIES OF MARYLAND, INCORPORATED, PETITIONER, *v.* RENEGOTIATION BOARD, RESPONDENT.

Docket No. 977–R.    Filed May 26, 1961.

*John P. Crilly, Esq.*, for the petitioner.
*William E. Nelson, Esq.*, and *Harland F. Leathers, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The Renegotiation Board made a unilateral determination on February 5, 1958, that Maryland Electronic Manu-

facturing Corporation had excessive profits for 1953 in the amount of $450,000. Litton Industries of Maryland, Incorporated, the petitioner herein, is successor in interest to Maryland Electronic Manufacturing Corporation. The parties have filed a stipulation which is adopted as the findings of fact.

The Renegotiation Board determined that Contract No. Cca 29098, on which the petitioner sustained a loss in excess of $100,000 in 1953, was exempt from renegotiation pursuant to section 106(a)(6) of the Renegotiation Act of 1951 and Renegotiation Board regulation 1453.5 (b)(7).

Section 106(a)(6) of the Renegotiation Act of 1951 states that the provisions of the Act shall not apply to any contract which the Board determines does not have a direct and immediate connection with the national defense; the Board shall prescribe regulations designating those classes and types of contracts which shall be exempt under this paragraph; and the Board shall, in accordance with such regulations, exempt any individual contract if it determines that the contract does not have a direct and immediate connection with national defense. It also contains the following language:

Notwithstanding section 108 of this title, regulations prescribed by the Board under this paragraph, and any determination of the Board that a contract is or is not exempt under this paragraph, shall not be reviewed or redetermined by the Tax Court or by any other court or agency.

The regulations prescribed by the Board under the above paragraph exempted, *inter alia*, all contracts of the Civil Aeronautics Board and of the Civil Aeronautics Administration of the Department of Commerce, except those entered into at the request of the Department of Defense, Department of the Army, Department of the Navy, or Department of the Air Force. The contract in question was entered into on January 23, 1951, with the Civil Aeronautics Administration, an agency of the United States Government and a part of the Department of Commerce, but not at the request of any of the named departments. The Renegotiation Board determined that the contract was exempt from renegotiation.

The petitioner contends that the portion of the regulation referred to originated in an amendment on September 30, 1953, and the Board had no jurisdiction to promulgate such a regulation having a retroactive effect, thereby to cause the petitioner to suffer damages; it is directly contrary to another regulation, R.B.R. 1451.2;[1] and if this Court holds that it operates retroactively, section 106(a)(6) is unconstitutional. The respondent contends that the statute is as clear, specific, and unambiguous as Congress could make it to indicate that the discretion of the Renegotiation Board as to exemption of contracts from renegotiation is not subject to review; section 106(a) was ob-

---

[1] Apparently referring to R.B.R. 1451.5.

viously intended to confer a benefit upon Government contractors, but the petitioner is in the unfortunate position of having the Board's action result in injury since it lost money during the renegotiation year on the exempted contract; nevertheless, the Tax Court has no jurisdiction to review this determination by the Renegotiation Board.

Section 108 of the Renegotiation Act of 1951 gave the Tax Court such jurisdiction as it has to review determinations of the Renegotiation Board. Section 106(a)(6) expressly provides that, notwithstanding section 108, the Tax Court shall not have any jurisdiction to review or redetermine any determination of the Renegotiation Board that a contract is or is not exempt under subsection (a) of section 106 or to review or redetermine the regulations prescribed by the Board under section 106(a)(6). It seems clear that the Tax Court has no jurisdiction to take any of the actions sought by the petitioner in this case, and it must leave the parties as it found them. Cf. *Nathan Cohen* v. *Secretary of War*, 7 T.C. 1002.

"If the Court decides adversely to petitioner's claim, it is stipulated that it may enter an order determining excessive profits for the fiscal year ended December 31, 1953 in the amount previously determined, namely, $450,000."

*Decision will be entered for the respondent.*